UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| AARON M. COLLINS, | : | Case No. 17-10049 (MEW) |
| | : | |
|                 Debtor. | : | |
| | : | |
| RICHARD BOLES | : | |
| | : | |
|                 Plaintiff, | : | |
| v. | : | Adv. Pro. No. 17-1015 (MEW) |
| | : | |
| AARON M. COLLINS | : | |
| | : | |
|                 Defendant. | : | |

---

MEMORANDUM DECISION CONCERNING CREDITOR'S REQUEST
FOR A WAIVER OF THE ADVERSARY PROCEEDING FILING FEE

      Creditor Richard Boles has filed this adversary proceeding to object to a discharge of obligations owed to him. He has also asked the Court "for a poor person order to waive the fee of $350," which raises the question of whether the Court has the authority to waive (or postpone) that filing fee. The Court concludes that it has no such authority under 28 U.S.C. § 1930, but that the referral of the bankruptcy case and related proceedings to this Court includes the authority to grant *in forma pauperis* relief pursuant to 28 U.S.C. § 1915(a). Such relief (if Mr. Boles qualifies for it) would only allow Mr. Boles to prosecute the adversary proceeding without prepaying the normal fee, and the filing fee would remain payable out of any monetary recovery on his claim. In addition, Mr. Boles must submit financial information showing that he qualifies for *in forma pauperis* relief. The Court will allow him to do so by completing and filing the

1

*Application to Proceed in District Court without Prepaying Fees and Costs* that is available on the district court's website, a copy of which will be provided to Mr. Boles.

## Discussion

Section 1930(b) of title 28 of the United States Code permits the Judicial Conference[1] to set fees for filings made by creditors in bankruptcy cases and proceedings. Section 1930(f)(3) contemplates that a bankruptcy court may waive fees for filings by creditors in accordance with policies of the Judicial Conference:

> (f)(3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

28 U.S.C. § 1930. The Judicial Conference has published procedures under other parts of section 1930 for the waiver of fees payable by chapter 7 debtors. *See* Guide to Judiciary Policy, Vol. 4, ch. 8, § 820. However, the Judicial Conference has not promulgated any procedures or policies under section 1930(f)(3) for the waiver of fees payable by creditors. *See* Bankruptcy Fee Compendium III (June 1, 2014 Edition) (available at http://jnet.ao.dcn/court-services/judges-corner/bankruptcy-judges/bankruptcy-fee-compendium) (last visited March 7, 2017) (hereafter the "Bankruptcy Fee Compendium").

Section 1930 therefore provides no affirmative authority for a fee waiver in this adversary proceeding. Does that end the matter, or may the Court consider whether the

---

[1] "The Judicial Conference of the United States is the national policy-making body for the federal courts." *See* http://www.uscourts.gov/about-federal-courts/governance-judicial-conference/about-judicial-conference (last visited March 7, 2017).

2

Court has other authority to waive fees – such as 28 U.S.C. § 1915(a), which authorizes *in forma pauperis* relief?  One possible view is that section 1930(f)(3) is exclusive, so that if the Judicial Conference has set fees, and if the Judicial Conference has not affirmatively authorized exceptions to those fees, then the bankruptcy courts are barred from providing any exceptions.  Some courts have so held.  *See Smith v. LeGare (In re LeGare)*, 2013 Bankr. LEXIS 4064, at *4 (Bankr. N.D. Oh. Sept. 26, 2013) (holding that in the absence of a published policy the bankruptcy court "lacks authority to waive the filing fee for a creditor commencing an adversary proceeding"); *In re Keven A. McKenna, P.C.*, 2010 Bankr. LEXIS 879, at *2 (Bankr. D.R.I. Mar. 19, 2010) (holding that the published fee schedule "sets forth the Judicial Conference's policy" and that if there are no exceptions to payment listed in the fee schedule a court may not grant any such exception).  However, the Court does not believe it is proper to interpret section 1930(f)(3) in this way.

The Bankruptcy Fee Compendium makes it very clear that the Judicial Conference has not adopted any policy one way or the other with respect to waivers of fees for creditor filings.  *See* Bankruptcy Fee Compendium, Part B, § 3(A), n. 265 and Part G, § 3(A), n. 123 (stating in both footnotes that the Judicial Conference "has not yet issued a policy concerning waiving fees for other debtors and creditors").  It goes too far to treat this absence of a policy as though it amounts to an affirmative policy directive that bars any deviation from the listed fees.  In addition, nothing about the wording of section 1930 suggests that it was intended to be exclusive of authority that might be granted elsewhere.  Section 1930(f)(3) says that its terms do "not restrict" a waiver of fees in accordance with Judicial Conference policy; it does not say that "section 1930 is

the only source of authority for a waiver of fees" or that "a bankruptcy court and district court may not waive any bankruptcy-related fee unless the Judicial Conference affirmatively authorizes such a waiver under this section, no matter what the rest of title 28 says."  There was a time when section 1930 stated that a bankruptcy court and a district court could not use section 1915(a) to excuse a debtor from paying bankruptcy filing fees, but that limit was later deleted from section 1930, and no similar limitation has ever appeared as to fees payable by creditors.

Accordingly, the Court believes that the better view is that the absence of an applicable Judicial Conference policy under section 1930(f)(3) just means that the authority to waive or postpone the payment of fees (if it exists) must be found elsewhere – not that such a waiver is barred.  *See, e.g., Ramono v. Stumpf*, 2011 U.S. Dist. LEXIS 122796 at *2-3 (N.D. Cal. Oct. 24, 2011) (concluding that a request for *in forma pauperis* relief could be made under 28 U.S.C. § 1915(a) and that the court did not need to proceed under section 1930(f)(3)); *Bernegger v. King,* 2011 U.S. Dist. LEXIS 48969 at *5-6 (E.D. Wis. May 6, 2011) (holding that section 1930(f)(3) permits bankruptcy courts and district courts to grant *in forma pauperis relief* under section 1915); *Allen v. Stewart (In re Allen)*, 2009 Bankr. LEXIS 2122 at *8-9 (Bankr. D. Id. Apr. 28, 2009) (noting that the wording of section 1930(f)(3) "does not constitute some sort of implied restriction, prohibition or negation on other abilities of the district court or bankruptcy court" to waive fees and that a district court could consider a request for relief under section 1915).

As noted above, section 1915(a) of title 28 authorizes *in forma pauperis* filings.  Section 1915(a) states:

>     (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a).  Section 1915(a) refers to the assets that a "prisoner" possesses, but courts have held that the reference to a "prisoner" is an inadvertent transcription error and that *in forma pauperis* relief is available to all "persons" who qualify based on their financial circumstances. *See Manning v. United States*, 123 Fed. Cl. 679, 682 (2015); *Floyd v. U.S. Postal Service*, 105 F.3d 274, 275-77 (6th Cir. 1997); *In re Woodman*, 213 B.R. 53, 54 n. 5 (Bankr. D. Conn. 1997).

There is a potential obstacle to the application of section 1915(a) by this Court, however. Section 1915(a) describes relief that may be granted by "any court of the United States." The term "court of the United States," as used in title 28, is defined in section 451 as follows:

>     The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

28 U.S.C. § 451.  The bankruptcy courts are not themselves among the courts listed in the definition of "courts of the United States."  On the other hand, the provisions of title 28 that establish and govern the bankruptcy courts make clear that bankruptcy courts are "units" of the district courts to which bankruptcy cases and bankruptcy-related proceedings may be referred. 28 U.S.C. §§ 151, 157(a).

There are a host of provisions in title 28 that describe powers that may be exercised by "courts of the United States" or that restrict what "courts of the United States" may do.  The question of whether these provisions apply to bankruptcy courts, as units of the district court to

5

which bankruptcy-related matters are referred, has been the subject of many prior decisions. Some courts have held that since a bankruptcy court is not included in the definition of "court of the United States" it may not exercise the powers that title 28 makes available to a "court of the United States," including the right to waive filing fees under section 1915(a)(1). *See, for example, Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992) (concluding that a bankruptcy court could not waive a filing fee for an appeal under section 1915(a) because it is not a court of the United States); *In re Buck*, 157 B.R. 247, 249 (Bankr. W.D. Pa. 1993) (concluding that a bankruptcy court could not waive an administrative fee under section 1915 because a bankruptcy court is not a court of the United States); *see also Miller v. Cardinale (In re Deville)*, 280 B.R. 483, 494 (B.A.P. 9th Cir. 2004) (holding that a bankruptcy court may not award sanctions under 28 U.S.C. § 1927 because the bankruptcy court is not a "court of the United States"), *judgment aff'd*, 361 F.3d 539 (9th Cir. 2004); *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.)*, 40 F.3d 1084, 1086 (10th Cir. 1994) (same). These decisions raise the prospect that procedural relief that would otherwise be available in the district court can only be obtained through a withdrawal of the reference.

The majority view, however, is that as a statutory matter the bankruptcy courts, as units of the district court to whom bankruptcy cases and related proceedings are referred, may exercise the statutory powers that the district court otherwise could have exercised in connection with the referred matters – subject (of course) to Constitutional limits that may apply by virtue of the fact that the bankruptcy courts are not Article III courts. The issue has arisen in the context of many different provisions of title 28 that by their terms apply to "courts of the United States." For example:

- Many courts have held that the referral of cases to the bankruptcy courts includes a referral of the district court's power to grant *in forma pauperis* relief under section 1915(a). *See In re Richmond*, 247 Fed. Appx. 831, 834 (7th Cir. 2007); *Nieves v. Melendez (In re Melendez)* 153 B.R. 386, 390 (Bankr. D. Conn. 1993); *In re McGinnis*, 155 B.R. 294, 297 (Bankr. D.N.H. 1993); *In re Brooks*, 175 B.R. 409, 412-13 (Bankr. S.D. Ala. 1994); *Palestino v. Palestino (In re Palestino)*, 4 B.R. 721, 722-23 (Bankr. M.D. Fla. 1980).

- Many other courts have held that the bankruptcy courts may exercise the power to enter declaratory judgments under 28 U.S.C. § 2201. *See*, e.g., *400 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P. (In re 400 Walnut Assocs., L.P.)*, 454 B.R. 60, 75 n. 11 (Bankr. E.D. Pa. 2011); *In re McGuirl*, 2001 Bankr. LEXIS 1799 at *6-7 (Bankr. D.D.C. Nov. 30, 2001); *In re Amatex Corp.*, 107 B.R. 856, 862-63 (Bankr. E.D. Pa. 1992); *Matter of Korhumel Industries, Inc.,* 103 B.R. 917, 921 (N.D. Ill. 1989). In fact, Rule 7001(9) of the Federal Rules of Bankruptcy Procedure contemplates that bankruptcy courts may hear declaratory judgment actions.

- Other courts have held that bankruptcy courts may award sanctions under 28 U.S.C. § 1927. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008); *Adair v. Sherman*, 230 F.3d 890, 895 n.8 (7th Cir. 2000); *Stone v. Casiello (In re Casiello)*, 333 B.R. 571, 575 (Bankr. D. Mass. 2005).[2]

---

[2] The Second Circuit Court of Appeals has agreed that a bankruptcy court may impose sanctions under section 1927, but its opinion did not discuss the "court of the United States" issue. *See Baker v. Latham Sparrowbush Assoc.* (*In re Matter of Cohoes Indus. Terminal, Inc.*), 931 F.2d 222, 230 (2d Cir. 1991); *see also In re Reyes*, 2015 WL 4624156 at *8 n. 7 (Bankr. S.D.N.Y. Aug. 4, 2015); *Spa Chakra Fifth Avenue v. Cornelia Fifth Avenue LLC (In*

7

- Courts also have held that bankruptcy courts to award costs under 28 U.S.C. § 1920. *See Johnson v. Weihert*, 493 B.R. 61, 63 n. 1 (Bankr. W.D. Pa. 2013); *D & B Countryside, L.L.C. v. Newell (In re D & B Countryside, L.L.C.)*, 217 B.R. 72, 75 n. 5 (Bankr.E.D.Va.1998) (stating that the bankruptcy courts are units of the district court "and exercise the power of the district court in bankruptcy cases," and therefore have the power to award costs under 28 U.S.C. § 1920).

- Courts have held that bankruptcy courts are subject to the Rules of Decision Act, 28 U.S.C. § 1652, because bankruptcy courts are units of the district court. *In re Dembrosky*, 235 B.R. 245, 247 (Bankr. W.D.N.Y. 1999).

*See also Leider v. United States*, 301 F.3d 1290, 1293 (Fed. Cir. 2002) (holding that deposits with the bankruptcy courts are governed by 28 U.S.C. § 2041, but not discussing the "court of the United States" issue).

This Court agrees with the many courts that have held that the referral of bankruptcy cases and related proceedings from the district court to this Court carries with it the power to grant *in forma pauperis* relief and to exercise other powers that the district court is empowered to exercise, subject to Constitutional limitations on what this Court may do. The notion that the bankruptcy judges would exercise the powers that district judges otherwise would have exercised in bankruptcy cases is inherent in the notion that the bankruptcy courts are "units" of the district courts and in the notion that bankruptcy cases and related matters are referred by the district judges to the bankruptcy judges. In fact, even a cursory review of the many powers granted to "courts of the United States" in title 28 shows just how anomalous it would be if bankruptcy

---

*re Spa Chakra, Inc.)*, 2013 WL 3286241 at *7 n. 14 (Bankr. S.D.N.Y. June 27, 2013).

courts were unable to exercise the powers of a "court of the United States" in the cases that have been referred to them.

As just one example, section 1821 of title 28 describes the fees and expenses to which witnesses are entitled. *See* 28 U.S.C. § 1821. By its terms, section 1821 applies to witnesses who are in attendance at "a court of the United States." 28 U.S.C. § 1821. If section 1821 did not apply to witnesses who appear in a bankruptcy court case or proceeding (because a bankruptcy court is not a "court of the United States"), then there would be no provision governing the witness fees or expenses to which such persons would be entitled. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that a subpoenaed witness under that provision must be tendered a "witness fee," but if section 1821 were not applicable there would be no way to know what that fee is. Rule 9016 of the Federal Rules of Bankruptcy Procedure similarly incorporates Rule 45 of the Federal Rules of Civil Procedure, which requires that a subpoena be accompanied by a tender of "the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Bankr. P. 9016, Fed. R. Civ. P. 45(b)(1). However, that fee would be zero (or unknown) in a bankruptcy court case or proceeding if section 1821 were inapplicable.

Bankruptcy courts also routinely exercise powers that are granted to the "district courts" under other provisions of title 28. For example, post-judgment interest rates are specified in 28 U.S.C. § 1961; that section refers to judgments entered by a district court, but bankruptcy court judgments in referred proceedings routinely carry interest pursuant to section 1961. Bankruptcy courts also routinely exercise a district court's power to remand cases under section 1452, or to transfer cases to another venue under section 1404. If the bankruptcy court can exercise these powers of the "district court" by virtue of the reference from the district court, there is no reason why it similarly should not be authorized to exercise the powers "of a court of the United States"

that the district court had power to exercise – subject, as noted above, to whatever limits might be imposed by Article III of the Constitution.[3]

In light of the Court's determination that it has power to grant *in forma pauperis* relief under 28 U.S.C. § 1915(a) the Court will forego consideration of the more difficult questions of whether the Court otherwise would have the inherent power to grant such relief, or the power to do so under section 105(a) of the Bankruptcy Code, or the power (and possibly the duty) to do so as a matter of Constitutional due process. Nevertheless, the Court must still determine (1) the nature of the relief that is available under section 1915(a), and (2) whether Mr. Boles qualifies for such relief. As to the first question: Mr. Boles seeks a waiver of the filing fee, but by its terms section 1915 only allows the Court to waive the "prepayment" of the fee. "When the court allows a party to proceed *in forma pauperis*, it waives only the prepayment of fees. If the plaintiff recovers a monetary judgment, it must pay the accrued fees in full." *See* Bankruptcy Fee Compendium, Part G, ¶ 3(A). Accordingly, if Mr. Boles qualifies for relief under section 1915(a), the Court will excuse the prepayment of the filing fee, but that fee must still be paid out of any monetary recovery that Mr. Boles obtains.

In addition, a creditor seeking *in forma pauperis* status must provide a declaration or affidavit that sets forth the financial information required to allow the Court to determine whether the creditor may proceed with the adversary proceeding without prepayment of the filing fee. A form for this purpose is available on the District Court website entitled *Application*

---

[3] Further supporting the view that an Article I court to which matters are referred may grant *in forma pauperis* relief is the inclusion, in the local district court rules, of a provision that recognizes that magistrate judges may sign *in forma pauperis* orders. *See* Rule 72.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

*to Proceed in District Court without Prepaying Fees or Costs*,[4] and a copy will be provided to Mr. Boles.   Mr. Boles should complete that form and submit it within 14 days to allow the Court to determine if he is eligible for the relief under section 1915.

A separate Order will be entered reflecting the terms of this decision.

Dated: New York, New York
       March 10, 2017

                                    /s/ **Michael E. Wiles**
                                    UNITED STATES BANKRUPTCY JUDGE

---

[4] Available at http://www.nysd.uscourts.gov/file/forms/application-to-proceed-without-prepaying-fees-or-costs-ifp-application.